Case number 17-5128 Michael J. Daugherty et al. v. Alain H. Sheer in his individual capacity et al., repellents. Mr. Walters for the repellents, Mr. Hawkins for the appellate. May it please the Court, Tice Walters for the defendants. Plaintiffs in this case seek money damages from two agency lawyers based on a recommendation that the FTC's commissioners initiate administrative proceedings. Plaintiffs' claim should be dismissed for two principal reasons. First, special factors preclude a Bivens remedy because the FTC Act is an alternative existing process for protecting the interest at stake. Second, plaintiff's complaint not only fails to state a First Amendment claim, it does not satisfy even the basic pleading standards of Twombly and Iqbal. As an initial matter, a Bivens remedy is not available in this new context. The FTC Act provides a statutory mechanism to vindicate the constitutional rights at issue, a mechanism which plaintiffs themselves have invoked in their pending petition for review before the Eleventh Circuit. And it's worth noting that in denying or in holding that a Bivens remedy was available here, the district court relied almost exclusively on Justice Marshall's concurring opinion in Bush v. Lucas, which opined that a scheme could preclude a Bivens remedy only if it were specifically designed to provide full compensation. That is not the law. It was not the law then, and it is certainly not the law now, in light of cases such as Schweiker v. Chileki, this court's decisions in the Wilson case, in Spagnola, a host of others. Furthermore, even if a remedy were available, plaintiffs have not plausibly stated a First Amendment claim. There are no factual allegations supporting an inference of retaliation, other than this three-day time period between one instance of criticism of the FTC's ongoing multi-year investigation and the date that plaintiffs learned that an enforcement recommendation had been made. That can't be enough to state a First Amendment claim, particularly when the criticism was of a multi-year investigation and where there's no specific allegations of animus or a change in behavior or anything else other than this temporal proximity. I note that they don't even allege that anyone from the FTC was aware of what had been posted on the Internet. That is correct as to that trailer, Your Honor, that they say is the protected speech that caused the retaliation on which the district court relied is yet another reason. They also fail to allege that the recommendation itself was made after the speech at issue, as opposed to having learned of the recommendation after the speech at issue. They haven't— Well, this is a pleading standard, so it would be a little bit difficult for them to have that information about what's going on internally to the FTC. They're, frankly, on information and belief raising inferences, and their employees or contractors or regulated entities are often in the situation of saying, We know event A happened in sequence followed by event B, and the reason why that's enough to get us in the door for discovery is because there's a risk that if you draw inferences in their favor that that's what happened. As to that very last point that I made, Your Honor, the failure to distinguish between the date they learned of the recommendation and the recommendation, that might be correct, although they don't even really say exactly that on information and belief that the recommendation itself occurred afterwards. But it certainly doesn't help them in any way on the core pleading failure, which is the fact that the only thing they're offering is this temporal proximity between one instance of criticism of an ongoing investigation and this recommendation. I do think it makes sense. I'm taking you off your flow of your thought, I'm sure, but has the litigation arising out of the administrative proceedings concluded at this point, or is there still pending in the Eleventh Circuit? There's still pending, Your Honor. The case was argued quite a few months ago now, but the decision has not yet issued from the Eleventh Circuit. But, again, in that pending proceeding, plaintiffs have raised a First Amendment argument, have asked for a vacature of the Commission's decision on that basis. And we think that that is more than enough under this Court's precedent to preclude a Bivens remedy and that it would make sense for this Court to address that issue here. If the Court has no further questions, I'm happy to save the remainder of time for rebuttal. That would be more helpful. Thank you. Good morning, Your Honors. May it please the Court, I'm Jim Hawkins here on behalf of the Appellees, Michael J. Daugherty and Lab MD. Mr. Walters did not discuss qualified immunity. I'd like to make one comment about the position of the government here. It is deeply disturbing, this is in their brief, of course, it is deeply disturbing that we have two attorneys employed by the federal government who are now telling this Court in the brief that in 2013 the law was not clear enough for them to know that retaliation for protected speech was a violation of the First Amendment. They knew that and they wanted to communicate to my client that they were going to retaliate. Reasonable inference from the complaint shows that Mr. Scheer wanted Mr. Daugherty and Lab MD to know that criticism about the FTC and Mr. Scheer would not be tolerated. Mr. Scheer, your brief, you say, quoting your complaint, because your complaint says this, that the reason for the retaliation was either the trailer for the book or their failure to sign a consent order or their refusal to sign a consent order. Right. So even under kind of the theory of your complaint, the trailer for the book isn't a but-for cause? It could be a but-for cause, Your Honor. Not with that language. You say it's either one or the other. Well, it would not have been a legitimate justification for the filing of the enforcement action just because Mr. Daugherty and Lab MD refused to sign a consent decree. Well, that wouldn't violate the First Amendment, though. No, but it's going to be for the jury to make the determination. There are so many facts at issue here. But, I mean, you're pleading that there's an alternative explanation that is not unconstitutional. Your Honor, I believe that's a question of fact for the jury to make that determination. And you have not alleged in your complaint that anyone from the FTC was aware of this trailer, right? No, Your Honor, but it is easy to reasonably infer, as the court must draw reasonable inferences in favor of my client, that when Mr. Scheer, just three days after the promotional video was posted, at temporal proximity was just three days, told Lab MD's attorneys that they had just, his staff had just recommended an enforcement action. Mr. Scheer was under no obligation to say that, and I'm sure today he wish he hadn't said that. But what he was doing was communicating quite clearly, Your Honor, it's quite clearly to Lab MD that this criticism would not be tolerated. What happened three days after the three-day spanking? What happened at the end of those three days that you say happened in retaliation because of the publication? Mr. Scheer told Lab MD's attorneys that his staff had just recommended an enforcement action. Three and a half years. It's been going on for three and a half years, and you're saying that it's a retaliatory action because the final phase of it came three days after the trailer. Is that what we're supposed to believe? Yes, Your Honor, because we don't know that the final phase would ever have come. Based upon the allegations in the complaint, the misrepresentations that Mr. Scheer and Ms. Yodakin made to the Federal Trade Commission, call into question whether there was ever an enforcement action to be filed. So if there was, and I recognize that that's on appeal to the Eleventh Circuit and that indeed there was preliminary relief granted to your client in the Eleventh Circuit, is that right? I'm sorry, what's the question, Your Honor? The Eleventh Circuit recognized the plausibility of your client's claim on the merits. Yes, Your Honor. Already? They determined in the stay order that it looked to be an unreasonable interpretation and position by the FTC. If the FTC nonetheless, and I know this is not your position and that you're litigating that, but if the FTC did have grounds to investigate, then isn't it under the Supreme Court's decision and rightly, doesn't that obviate any ability to bring a retaliation claim or at least render it not clearly established that your client could proceed with a First Amendment retaliation claim? Your Honor, we're departing from the allegations in the complaint, I know, but looking at what the Eleventh Circuit, what is happening in the Eleventh Circuit, you need to understand what happened in the FTC administrative court. In the FTC administrative action, a whistleblower came forward and disclosed the fact that this file was never floating in cyberspace. Right, no, I know. I've read the record and I know that you've raised questions about this whistleblower and about the relationship between the whistleblower and the FTC and that that's all very much in litigation before the Eleventh Circuit. But I'm talking about a legal question for us in looking at the retaliation claim. If there were, and this would, you know, from your perspective, take this as a hypothetical because I know you want to take a test. But if there were grounds for an enforcement action on the part of the FTC, then under rightly, doesn't that obviate or at least render not clearly established a First Amendment retaliatory enforcement claim? And in Hartman v. Moore, Your Honor, this question was also addressed where the court actually reversed this circuit because this circuit had held previously that as long as there was a retaliatory motive, it didn't have to be the sole cause. Didn't Hartman also say that for a First Amendment claim to lack, there had to be allegation of an absence of probable cause to support the underlying criminal charge in this case? That's correct, Your Honor. Now, in this case, was the 1718 file available by peer-to-peer or not? It was not available, Your Honor. It was not available by peer-to-peer. It was under the allegations, to be fair. We've said that it was inadvertently available, but there is a lot of technology. Inadvertently available is available, right? No, Your Honor, it's like having something in your home. Inadvertently available is not available? It's only available if somebody comes to get it, and that's what Tversa did, and they hacked it. That's the only evidence that anybody ever actually took the file. I didn't ask you whether they actually took it. I asked you whether it was available peer-to-peer. If somebody took it, it was available peer-to-peer, right? It was available peer-to-peer. It may have been inadvertently. Yes. Nonetheless, would not Hartman cut against you rather than for you? Since in Hartman the question that we were reversed unrightly, I'm sure that was correct, was that there had to be a knowledge on the part of the agents, the AUSAs in that case, that there was no probable cause. Here there would have to be a knowledge that there was no evidence of a breach of the obligations under the relevant regulation of the privacy protections of the FTC. I'm going to try and answer two questions at once because I don't believe I've answered. I got that pretty complicated before I got through. Okay. I don't think I've sufficiently answered Judge Pollard's question a moment ago. The complaint was brought based upon the allegation that there was spread. That would have been needed in order for there to have possibly been significant consumer harm, which is required under 15 U.S.C. 45N. If a tree falls in the woods and nobody hears it, it doesn't matter. And this is a quote from one of the judges in the 11th Circuit Court of Appeals wondering why there was ever any prosecution here. Now to answer Judge Pollard's question earlier, it's also important to know that after the evidence fell apart, was shredded, as Judge Toflat said in the 11th Circuit, the FTC changed its position. It was not their original position that simply being available was a violation of Section 5. That was a position that they came up with later and, frankly, is not supported at all in the case law because there has been no consumer injury. No matter what theory the FTC may have had about availability, in the absence of substantial consumer injury, they had no basis for bringing the case to begin with. I want to go back to temporal proximity. Singletary in all of the cases that it cites, Mitchells, Combs, O'Neill, all involved instances where there was a letter from a lawyer or a letter from the plaintiff to a supervisor or the company or the city who employed the employee or a notice of appeal was filed or an EEO complaint was made. So there was a communication that was directed either to the defendant or the defendant's organization or to the EEO office that presumably the defendant could become aware that the complaint was made. Here, you're asking us to say that temporal proximity is sufficient where there is a posting on the Internet and we are to presume, I mean, retaliation doesn't work unless they know that this posting was on the Internet. Retaliation doesn't work unless they know that a complaint was made, that the letter was filed, that the EEO claim was made. Why in the world should we stretch the temporal proximity precedent to say that as long as there's temporal proximity to any random thing that's posted on the Internet, we can presume that temporal proximity, that that's causation? Your Honor, it is in the record in this case and it is on the public record that in response, excuse me, the day of the publication of that video, 75 different users from the Federal Trade Commission looked at the website. Where's that in your complaint? That's not in the complaint, Your Honor, but the court can take judicial notice of that. And Your Honor, how can we take, wait a second, we can take judicial notice of that? We're reviewing a motion to dismiss. That's correct, Your Honor. You have the ability, as the trial court had the ability, to take public documents, to take judicial notice of public documents. And if the court is concerned about the… Doesn't that turn it into a motion for summary judgment? I mean, what's your… Not necessarily, Your Honor. Was that request made below? No, the court didn't look at that, Your Honor. Did you ask the court to look at that below? No, we did not. So why should we look at it now? The court has the ability to take judicial notice of public documents. We're reviewing a motion to dismiss? And a motion to dismiss, Your Honor, yes. We cited cases to that effect in our brief. And, in fact, the government cited, the FTC attorneys cited cases to that effect in their brief. I mean, I would think at least your argument is that you look at a complaint and lay it most favorable to the plaintiff and you draw plausible inferences therefrom without actually taking notice of who at the FTC may have looked at this video It's an inference one can draw from what's pleaded in your favor that some people did look at it, given the time proximity. But I'm still troubled by what I see as a legal obstacle to your claim, which is that this was an investigation that had been going on for some years and it may, in the end, have proved baseless. It may be, in the end, that in the Eleventh Circuit, you win. But if the members of the FTC staff, however benighted their belief that this was public, you know, that this information had been, LabMD's information had been carelessly made public, if they believed that and they had reason to go on and investigate and enforce based on that, you have no retaliation claim. Your Honor, the allegations in the complaint are that the attorneys at issue knew that there had been no spread, knew that there had been no consumer harm, and misrepresented those facts to the FTC. They also, I thought they were saying, and they indeed are still defending in the Eleventh Circuit, based on an idea that a different modicum of harm or risk is sufficient from what you're arguing. That did not occur until after the judge below, excuse me, Judge Chappelle, the administrative law judge, dismissed the claim against LabMD. That was a new argument that was raised. It was not at the beginning of their case. Well, first they think there's harm because they actually have a different understanding of the facts. And then they're like, okay, maybe it looks like it was only Tversa. Tversa. Tversa that had been the one that had access to it. Still, this is a risk. These are people who are not preventing this kind of hacking of their files. And so their legal theory narrows, focuses, adapts as the facts develop, as yours does. But their view as they're going along is there's a reason to go after this company. And if that's the case, then I just haven't heard you deal with the precedents. You have to say this is clearly established right here. And we have this Reichle case that says, well, you know, there's an enforcement action that's going on and there is a ground for it, even if it's unsuccessful. That vitiates a retaliation claim. That is the correct holding of the case, Your Honor. But here there's a serious question from the allegations in the complaint, whether the FTC had any reason to bring this, because the recommendations that were made by the attorneys at issue contained false and fraudulent information. Whether the FTC has a separate ground independent of the retaliation, Your Honor, is, of course, a question. But it's a question that cannot be answered based upon this complaint, based upon the allegations that we have here, cannot be decided at this point in time by the court. I agree, but I think that cuts against you. The fact that it can't be decided whether they have a separate ground, you know, they thought they had a ground and they were proceeding on that basis. And if they have that, then we don't know.  I'd say you're making the factual point. It's a factual matter. Correct. Exactly. Did I answer Your Honor's question? I think you did. Okay. I think you did. So, I mean, your position has to be not only that they lose, but that their position was frivolous. It was frivolous. And in bad faith. And in bad faith. And relying upon an entity that took, that hacked a file in violation of the HIPAA laws, and it was a crime for the company to even take the file in the first place. The FTC went after the wrong party. But those are issues to be decided, Your Honor, beyond the pleadings. Thank you. I know I'm way beyond my time. Any folks questions? I think we're. Questions from the bench like manna from heaven, please. Thank you. Mr. Walters, we'll give you two minutes for rebuttal. Thank you, Your Honors. We're, of course, happy to take any questions. But I thought it might be helpful just to discuss briefly why it is that the special factors analysis precludes Bivens remedy here. And I think part of that is illustrated by the discussion that we've just been having about the merits of the Eleventh Circuit proceeding. That underscores both how strange it would be to have these simultaneous proceedings running. The danger of an inconsistent resolution by the court. That's absolutely right, Your Honor. And, of course, as those proceedings suggest, there is a remedy available. If, in fact, the proceedings were not supported and LabMD did not, as it claims, violate the FTC Act, they can obtain vacature of the order. And that should be more than enough under precedent to preclude a Bivens remedy here and would also, of course, obviate. You're not abandoning the theory of qualified immunity? No, Your Honor. And it is worth pointing out that plaintiffs would like to rest on the broad general proposition that government employees cannot retaliate based on speech. That's, of course, true. But the Reichel Court and this court in du Corre both made clear that that broad general proposition does not defeat the claim of qualified immunity. What you need is something more specific to the factual circumstances at hand. And plaintiffs still haven't come forward with a single case that is even remotely analogous to this recommendation of an administrative proceeding. Okay. Do they need a case or isn't it enough that if they, and I'm not sure they've alleged this, but if they allege not only that the enforcement action is baseless but that it's frivolous and in bad faith from the beginning, does that take it outside of Reichel and du Corre? That would help with the probable cause issue if they had specific allegations that, if taken as true, would show that there was a lack of probable cause. They'd still, I think, have to have something involving recommendation of an administrative proceeding. I mean, the cases they rely on are— I mean, that's why, as you know, as a government attorney, the clearly established right feature of a qualified immunity doesn't really get you very far in cases that hinge on an invidious intent or a malign intent, a retaliatory intent. I do think that they would need something more than that, which is why the court in du Corre rejects the broad general proposition that retaliation on the basis of protected speech is sufficient to defeat the claim for qualified immunity. As Your Honor suggests, to hold otherwise would basically vitiate qualified immunity in this context. Again, we're not—it's not key to our case whether or not that is the ground that the court wants to discuss. Thank you. Thank you. Thank you very much, guys. Thank you.
judges: Pillard, Wilkins, Sentelle